**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FITNESS QUEST INC., a Delaware Corporation ) ) Plaintiff, ) ) vs. ) ) H.P.E. HOLDINGS, LLC, a Rhode Island ) Limited Liability Company; ) ) and ) ) JONATHAN MONTI, an Individual ) ) Defendants. ) | Civil Action No.: Judge: **COMPLAINT FOR:** **DECLARATORY JUDGMENT** <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Fitness Quest Inc., for its Complaint against Defendants Jonathan Monti and H.P.E. Holdings, LLC, alleges as follows:

The Parties

1. Fitness Quest Inc. ("Fitness Quest") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 1400 Raff Road SW, Canton, OH 44750.

2. On information and belief, Defendant H.P.E. Holdings, LLC ("H.P.E. Holdings") is a Rhode Island Limited Liability Company having its principal place of business at 30 Bellevue Avenue, Newport, RI 02840.

3. On information and belief, Defendant Jonathan Monti ("Jonathan Monti") is an individual residing in Rhode Island at 30 Bellevue Avenue, Newport, RI 02840, and is the owner and sole manager of H.P.E. Holdings (Collectively, Defendants Jonathan Monti and H.P.E. Holdings are hereinafter referred to as "Monti.")

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), since there is complete diversity between FQI and Monti and the amount in controversy exceeds the sum or value of $75,000. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202, as this is an action for declaratory judgment arising under the Patent Laws, Title 35 of the United States Code.

5. This Court has personal jurisdiction over Monti by virtue of, *inter alia*, the transaction and solicitation of business within the State of Ohio, within this judicial district and elsewhere, including, but not limited to the business dealings with Fitness Quest related to the confidentiality agreement at issue herein.

6. This Court would also have supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 due to, among other reasons, a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action, in this District.

### Background Facts

8. Fitness Quest is in the business of manufacturing, marketing, and selling fitness equipment, including treadmills, stationary bicycles, home gyms, and abdominal exercise machines. Specifically, Fitness Quest manufactures, markets, and sells or has sold the Ab Lounge®, the Ab Lounge® Ultimate, the Ab Lounge® 2, the Ab Lounge® XL and the like

(hereafter, "the Ab Lounge® products").  Each of the Ab Lounge® products is primarily an abdominal exercise apparatus.

9.  On information and belief, Monti owns the exclusive rights to license and enforce U.S. Patent Nos. 6,387,024 ("the '024 patent") and 6,932,749 ("the '749 patent") (collectively "Monti Patents").  The Monti Patents relate to methods and devices in the exercise and rehabilitation arts.  The '024 patent is assigned to Defendant H.P.E. Holdings while the '749 patent is assigned to Jonathon Monti.

10. The '024 patent issued on May 14, 2002 and is based on a patent application filed in the U.S. Patent and Trademark Office on October 28, 1999.  A copy of the '024 patent is attached hereto as Exhibit A.

11. The '749 patent issued on August 23, 2005 and is based on a reissue patent application filed in the U.S. Patent and Trademark Office on April 19, 2002.  A copy of the '749 patent is attached hereto as Exhibit B.

12. Monti alleges to have entered into a confidentiality agreement ("the Confidentiality Agreement") with Fitness Quest whereby Monti disclosed to Fitness Quest certain technology for assistive and resistive exercise ("Monti's Technology").  A copy of the alleged Confidentiality Agreement is attached hereto as Exhibit C.

13. In letters dated July 10, 2006 and September 19, 2006, Monti alleged that: (i) Fitness Quest violated the Confidentiality Agreement by using Monti's Technology in its Ab Lounge® products; and (ii) Fitness Quest has infringed and continues to infringe the Monti Patents by selling the Ab Lounge® products.  The July 10, 2006 and September 19, 2006 letters are attached hereto as Exhibit D.

14. On information and belief, Monti's allegation against Fitness Quest of violation of the Confidentiality Agreement is objectively and subjectively baseless as there is no executed Confidentiality Agreement between Fitness Quest and Monti.

## COUNT I
Action for Declaratory Judgment:
Confidentiality Agreement

15. Paragraphs 1-14 are incorporated herein by reference.

16. By virtue of Monti alleging that a confidentiality agreement exists between Fitness Quest and Monti and has been violated, Monti has created an actual, justiciable controversy between the parties.

17. Fitness Quest has not, at any time, entered into a confidentiality agreement with Defendant H.P.E. Holdings, and/or Jonathan Monti or any entity related to either Defendant, with respect to the Monti Patents or Monti's Technology.

18. Fitness Quest has not, at any time, breached any valid confidentiality agreement with Defendant H.P.E. Holdings, and/or Jonathan Monti, or any entity related to either Defendant.

## COUNT II
Action for Declaratory Judgment:
Noninfringement and Invalidity of the Monti Patents

19. Paragraphs 1-18 are incorporated herein by reference.

20. By virtue of, *inter alia*, Monti alleging that Fitness Quest is violating Monti's Patents in regarding to the Ab Lounge® products, Monti has created an actual, justiciable controversy between the parties.

21. Fitness Quest has not infringed and is not infringing any valid claim of the Monti Patents.

22. The Monti Patents are invalid and/or unenforceable.

## PRAYER

**WHEREFORE**, Plaintiff Fitness Quest Inc. prays that this Court:

(A) Enter a judgment that no confidentiality agreement exists, or ever existed, between Fitness Quest and Defendants, jointly or otherwise;

(B) Enter a judgment that Fitness Quest is not in violation of any valid confidentiality agreement;

(C) Enter a judgment that Fitness Quest is not infringing the Monti Patents by making, using, selling, offering for sale and/or importing the Ab Lounge® products; and,

(D) Enter a judgment that the Monti Patents are invalid and not infringed.

(E) Grant Fitness Quest such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**BROUSE MCDOWELL**

DATED: November 7, 2006         By:   /s/ John M. Skeriotis_____
Paul A. Rose (#0018185)
par@brouse.com
John M. Skeriotis (#0069263)
jms@brouse.com
Jill A. Grinham (#0075560)
jgrinham@brouse.com
388 S. Main St., Suite 500
Akron, OH 44311-4407
330.535.9999
330.535.5000 – Facsimile
Attorneys for Plaintiff Fitness Quest Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Fitness Quest Inc. demands a jury trial pursuant to Fed. R. Civ. P. 38 as to all issues so triable in this action.

DATED: November 7, 2006      By:     /s/ John M. Skeriotis_____
                                                                          One of the Attorneys for Plaintiff
                                                                          Fitness Quest Inc.